John L. **LILAND** and Liland **Enterprises, Inc., Appellants,**

v.

**DALLAS COUNTY APPRAISAL DISTRICT, Appellee.**

No. 05–86–00561–CV.

Court of Appeals of Texas, Dallas.

April 28, 1987.

Rehearing Denied June 22, 1987.

Jan Fletcher, Dallas, for appellants.

J. Michael Alexander, Mollie J. Dent, Dallas, for appellee.

Before STEPHENS, STEWART and ROWE, JJ.

STEWART, Justice.

John Liland and Liland Enterprises, Incorporated (referred to collectively in the singular as "Liland"), sued the County of Dallas, the City of Dallas, and the Dallas County Appraisal District (referred to collectively as "Dallas"), in district court for a tax refund. At the hearing on the plea to jurisdiction and motion to dismiss, the district court ruled that it had no jurisdiction and dismissed Liland's action with prejudice. Liland brings three points of error. We reform the judgment of the district court.

Liland sued the City of Dallas, the County of Dallas, and the Dallas County Appraisal District in district court on January 31, 1986. In his original petition, he alleged that his property was appraised at $93,547 in 1980 and 1981 but that in 1982 and 1983 defendants mistakenly appraised his property at $775,280 as a result of a clerical error. Until receiving the tax bills, Liland alleged he received no notice of the increase in appraised value. Liland further alleged that he paid the County of Dallas $2,628 in taxes plus penalties and interest

of $478 and that he paid the City of Dallas $10,175 in taxes plus $1,556 in penalties and interest on or about July 26, 1983, based on the erroneous appraisal for the year 1982. Liland alleged paying the County of Dallas $3,161 in taxes and paying the City of Dallas $10,175 in taxes on or about January 31, 1984, based on the erroneous appraisal for tax year 1983. Liland next alleged that the defendants began using the correct appraisal value of $115,780 to assess the taxes for tax year 1984. Finally, Liland alleged that he made demand upon defendants for refund of taxes paid based upon the erroneous appraisal and that defendants have refused to do so.

The Dallas County Appraisal District and Dallas County Appraisal Review Board filed on April 3, 1986, a plea to the jurisdiction and motion to dismiss. The district court granted their plea to the jurisdiction and motion to dismiss in an order dated April 21, 1986. Liland's action was dismissed with prejudice.

Liland brings three points of error on appeal. First, he argues that the trial court erred as a matter of law in dismissing his action for want of jurisdiction on the grounds that Liland failed to exhaust his administrative remedies. Second, he contends that the district court's ruling of no jurisdiction is against the great weight and preponderance of the evidence. Third, Liland maintains that the trial court erred as a matter of law in dismissing his action with prejudice. Dallas brings one cross-point in which it requests damages because there was no probable cause for taking this appeal and because the appeal was palpably taken for the purpose of delay.

### I. Administrative Remedies.

In Liland's first point of error, he contends that the trial court erred as a matter of law in dismissing his action for want of jurisdiction on the grounds that Liland had failed to exhaust his administrative remedies. Liland contends that because he received no notice of the increase in the appraised value of his property, he was precluded from using administrative remedies since the Texas Property Tax Code [1] fails to provide for this situation. Consequently, argues Liland, he has taken the only remedy available to him. To buttress this argument, Liland points to section 41.411, which was adopted in 1985. Section 41.411 provides specifically for a procedure for protesting any lack of notice. Prior to 1985, Liland argues that the Property Tax Code failed to provide such a procedure, and because these taxes relate to 1982 and 1983, Liland was necessarily required to file suit in a district court.

Dallas responds first by citing section 42.09, which provides that the Code's remedies and procedures are exclusive, and "a property owner may not raise any of those grounds [listed in section 41.41] ... as a basis of a claim for relief in a suit ... to obtain a refund of taxes paid." TEX.TAX CODE ANN. § 42.09(2) (Vernon 1982); *Dallas County Appraisal District v. Lal,* 701 S.W.2d 44 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Texas Architectural Aggregate, Inc. v. Adams,* 690 S.W.2d 640, 642 n. 1 (Tex.App.—Austin 1985, no writ). Dallas next responds that Liland's contest falls within section 41.41(8), which provides that a property owner may protest "any other action that applies to the property owner and adversely affects him." TEX.TAX CODE ANN. § 41.41(8). Dallas contends that Liland's alleged failure to receive notice of the increase in appraised value of his property is an action that adversely affects Liland and, therefore, falls within subsection eight.

We disagree with both Liland and Dallas. Because Liland alleged in his petition that the change in the appraisal value was a clerical error that the appraisal review board did not catch, chapter 41 does not apply. Chapter 41 provides for review of the appraisal records by the appraisal review board. *Id.* §§ 41.01–41.12. Included in that process is the board's determination of taxpayers' protests, *id.* §§ 41.41–

---

**1.** All other references to sections are to other sections of the Texas Tax Code unless otherwise indicated. All references to "the Code" are to the Texas Tax Code unless otherwise indicated. TEX.TAX CODE ANN. (Vernon 1982).

41.47, prior to the board's approval of the appraisal records. *Id.* § 41.47(c). The board is required to approve the records by July 20 or as soon thereafter as practicable. *Id.* § 41.12 (Vernon Supp.1987). The assessor mails the tax bills by October 1. TEX.TAX CODE ANN. § 31.01. If not paid before February 1, the tax becomes delinquent. *Id.* § 31.02.

Liland alleged in his petition that the dramatic jump from $93,547 to $775,280 was the result of a clerical error. He alleged that he received no notice until he received the tax bill, which would have been in early October, long after the board had already approved the appraisal records. Thus, none of the remedies provided in chapter 41 were available to Liland because all applicable time limits for relief had expired. Liland further alleged that the board has already corrected the error, because the appraised value of the property for tax year 1984 was $115,780.

We hold that chapter 41 does not govern these unique facts. Chapter 41 applies when the chief appraiser purposely increases the appraisal value of property and sends notice thereof, *id.* § 25.19, or when a clerical error occurs and the chief appraiser or the board catches it and is able to correct it before the records are approved. *Id.* §§ 41.09 and 41.10. Liland alleges that the board did not purposely increase the appraisal value and did not catch the error before approving the records; consequently, we have a situation for which chapter 41 does not provide.

■ Nevertheless, the Code does provide for this situation elsewhere. Section 25.-25(a) states: "Except as provided by Chapters 41 and 42 of this code *and by this section,* the appraisal roll may not be changed." TEX.TAX CODE ANN. § 25.-25(a) (emphasis added). Subsection (c) adds: "*At any time,* the appraisal review board, on motion of the chief appraiser, *or of a property owner* may direct by written order changes in the appraisal roll to correct: (1) *clerical errors* that affect a property owner's liability for a tax...." *Id.* § 25.25(c) (emphasis added). The cross references to section 25.25 refer us to section

26.15(b), which states: "The assessor for a unit shall enter on the tax roll the changes made in the appraisal roll as provided by Section 25.25 of this code." *Id.* § 26.15(b). Subsection (f) of section 26.15 adds, "If a correction decreases the tax liability of a property owner after he has paid the tax, the taxing unit shall refund to the property owner the difference between the tax paid and the tax legally due." *Id.* § 26.15(f).

From the above, we observe that the Code has provided for clerical errors such as allegedly occurred in this case. *Id.* § 25.25(a) & (c)(1). The property owner, Liland, may at any time file a motion with the review board to correct the appraisal roll. *Id.* § 25.25(c). If the board orders a correction that decreases Liland's tax liability, the County of Dallas and the City of Dallas, the taxing units, must refund to Liland the difference between the tax paid and the tax legally due. *Id.* § 26.15(f). Because Liland failed to exhaust his administrative remedies, the district court correctly dismissed Liland's action. Liland's first point of error is overruled.

## II. Great Weight and Preponderance of Evidence.

■ In point of error two, Liland contends that the district court's ruling of no jurisdiction is against the great weight and preponderance of the evidence. Our ruling on the first point of error disposes of this point. Because Liland failed to exhaust his administrative remedies, we hold, as a matter of law, that the trial court had no jurisdiction in this cause. *Texas Air Control Board v. Travis County,* 502 S.W.2d 213, 215–16 (Tex.Civ.App.—Austin 1973, no writ). Accordingly, Liland's second point of error is overruled.

## III. Dismissal with Prejudice.

In Liland's third point, he contends that the trial court erred as a matter of law in dismissing his action with prejudice. Liland contends that a dismissal for want of jurisdiction for any reason is not a trial on the merits and may not be made with prejudice. *Rodebaugh v. Beachum,* 576 S.W.2d 143, 145 (Tex.Civ.App.—Waco 1978, writ

ref'd n.r.e.); *Schenker v. City of San Antonio,* 369 S.W.2d 626, 630 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.).

■ Dallas responds that a dismissal with prejudice is proper when a case may not be tried before a court for a jurisdictional reason and when, even assuming it could be tried, appellant has shown that he is not entitled to any recovery. *Zimmerman v. Texaco, Inc.,* 409 S.W.2d 607, 614 (Tex.Civ.App.—El Paso 1966), *writ ref'd n.r.e.,* 413 S.W.2d 387 (Tex.1967) (court of appeals erroneously held that trial court had no jurisdiction; however, application for writ of error disclosed no reversible error). Because we have held earlier that the district court did not have jurisdiction, the first requirement of the two-part test has been met.

Regarding the second requirement, Dallas asserts that Liland has shown himself not to be entitled to any recovery. Dallas relies upon *Poly-America, Inc. v. Dallas County Appraisal District,* 704 S.W.2d 936 (Tex.App.—Waco 1986, no writ), and *Corchine Partnership v. Dallas County Appraisal District,* 695 S.W.2d 734 (Tex.App.—Dallas, 1985, writ ref'd n.r.e.). At oral argument, Dallas also cited our recent decision in *Hunt County Tax Appraisal District v. Rubbermaid,* 719 S.W.2d 215 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). These cases deal with the right *to appeal* a decision of the review board. The present case does not seek to appeal any decision from the review board. Here, Liland filed his original complaint with the district court; consequently, the review board has neither heard nor decided Liland's complaint. Because the above cases address only the requirements for *appealing* a decision of the review board to a district court, they are not dispositive.

■ To uphold the dismissal with prejudice under the *Zimmerman* case, we must also determine whether Liland has shown that he is not entitled to any recovery. While discussing Liland's first point, we observed that a taxpayer may complain of a clerical error at any time. TEX.TAX CODE ANN. § 25.25(a) & (c)(1). Furthermore, if the review board's correction of a clerical error decreases a taxpayer's liability, the taxing units must refund the difference between the tax paid and the tax legally due. *Id.* § 26.15(f). Therefore, Liland has a remedy and may be entitled to a recovery. The second requirement for a dismissal with prejudice is not met.

Accordingly, we agree with Liland that appellees are not entitled to a judgment on the merits of his claim; thus, the dismissal may not be made with prejudice. Liland's third point of error is sustained.

IV. Appeal for Delay Purposes.

Dallas brings one cross-point in which it requests damages because there was no probable cause for taking this appeal and because the appeal was palpably taken only for the purposes of delay. Because we have sustained Liland's third point of error, we cannot say there was no probable cause for taking this appeal. Dallas' cross-point is overruled.

We reform the judgment of the district court to reflect a dismissal without prejudice. As reformed, the judgment of the trial court is affirmed.