**NATIONAL COUNTY MUTUAL FIRE INSURANCE COMPANY, Appellant,**

v.

**Ben HOWARD, Arthur Eugene Riley, and Ramona Riley, Appellees.**

**Ben HOWARD, Appellant,**

v.

**Arthur Eugene RILEY and Ramona Riley, Appellees.**

No. 2–87–013–CV.

Court of Appeals of Texas, Fort Worth.

April 21, 1988.

Rehearing Denied May 19, 1988.

Patterson, Lamberty, Kelly & Stanford, Inc., and Laura A. Frase and Donald G. Stanford, Dallas, for Ben Howard.

Wallace Craig and Associates and Wallace Craig, Fort Worth, for Arthur Eugene Riley and Ramona Riley.

Smith, Smith and Smith Law Office, Van Shaw and Lancaster Smith, Dallas, and Harvey L. Davis, Austin, for Nat. County Mut. Fire Ins. Co.

Before BURDOCK, HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

Ben Howard appeals a judgment against him and in favor of Arthur Eugene Riley

and Ramona Riley, the appellees, in a total amount exceeding three and one-half million dollars. The suit was brought to recover damages resulting from a collision between an automobile driven by Mr. Riley and a truck driven by Howard.

Howard presents eighteen points of error, asserting that: 1) the trial court erred in permitting counsel for the Rileys to question prospective jurors about certain tort-reform advertising because the questioning interjected liability insurance into the case; 2) the court erred in requiring counsel to make its motion for mistrial concerning such questioning in front of the jury; 3) the court erred in permitting recovery for mental anguish on the part of Mrs. Riley, because she was not a bystander and therefore not entitled to recover such damages; 4) the court erred in not reducing Mrs. Riley's recovery in the amount of Mr. Riley's percentage of contributory negligence; 5) the court erred in not finding that the amount of the jury's verdict with respect to Mr. Riley was excessive; 6) the court erred in admitting evidence concerning Howard's prior violation of the Motor Carrier Act; 7) the court erred in admitting into evidence military medals and photographs; 8) the court erred in admitting certain old photographs of Mr. and Mrs. Riley; and 9) the court erred in admitting into evidence certain photographs of Mr. Riley taken after the collision.

Howard's insurer, National County Mutual Fire Insurance Company, had originally brought this suit as a declaratory judgment seeking a determination that it had no liability under its policy for any injury to Ramona Riley. National County also appeals from the judgment below.

In five points of error, National County urges error by the trial court in dismissing and therefore failing to grant its petition for a declaratory judgment, and various errors in connection with Ramona Riley's claim for damages for mental anguish.

We reform the judgment, reducing Mrs. Riley's recovery by the percentage of Mr. Riley's contributory negligence and by the amount of any recovery for her mental anguish, and affirm the judgment as reformed.

We find that: 1) the trial court did not err in permitting the Rileys' counsel to question the jurors to determine if any of them had been prejudiced by television advertising which was critical of jury verdicts and which asserted that there was a crisis in our society as a result of exorbitant jury verdicts; 2) Howard did not show any prejudice caused by the trial court's failure to allow his counsel to amplify his motion for mistrial, which was based on such questioning, outside the presence of the jury; 3) Mrs. Riley is not a bystander and is therefore precluded from recovering damages for mental anguish; 4) Mrs. Riley's recovery should have been reduced by the percentage of Mr. Riley's contributory negligence; 5) the jury's verdict of damages suffered by Mr. Riley was not excessive; 6) the court did not err in admitting any of the evidence of which Howard complains, and, if there was error, we find that it was not reasonably calculated to cause a miscarriage of justice and that any error did not probably result in an improper judgment; and 7) the court did not err in dismissing National County's petition for declaratory judgment since it sought an advisory opinion.

In points of error numbers one and two, Howard complains of questions that Riley's attorney asked prospective jury panelists concerning advertising dealing with the jury system and a "crisis" relating thereto, for the reason that such questioning injected liability insurance into the trial.

Specifically, Howard objected to the following question Wallace Craig, attorney for the Rileys, asked of a potential juror who was an insurance agent:

MR. CRAIG: Have you had any occasion to see any advertisements talking about our jury system, either in your training, in your course of maybe going to the insurance carrier's office? Have you seen any ads? Let me just direct you to a couple of them that come to mind about kids can't play football anymore because of lawsuits and, in fact, maybe we're not going to have any more

babies anymore, that kind of thing. Have you seen those?

Counsel for Howard, Donald G. Stanford, objected "to this line of inquiry under the motion in limine." The objection was overruled. Stanford did not request that further questioning of the juror be conducted at the bench or outside the presence of the rest of the panel. Craig proceeded to ask the full panel the following question without objection:

> MR. CRAIG: Since we're on this line of inquiry, and maybe I—I want to expand it through you, if I may, to the other ladies and gentlemen, that is to say: Have any of you seen, either on television or in the print media, any advertisements here over the last six to eight months or a year, talking about an alleged sort of crisis?

■ Similar questions were asked of particular jurors without objection. This trial took place in December, 1986. The Texas Legislature met in January, 1987. The issue of tort reform was, next to the state budget, one of the hottest issues of the session. The public, at least in Texas, saw and heard a great deal of publicity about how liability insurance was getting either very expensive or impossible to get at all, either because of large jury verdicts or liberal courts. Other ads questioned the fairness and accuracy of those ads. The questions which Craig asked were questions which were necessary to ask, whether or not the defendants were represented by insurance. The questions themselves in no way indicated that the defendants in this case were insured. We note also the fact that the question was asked on several occasions without objection. Howard's counsel argues that the questions were pertinent only if the defendant were insured. Prejudice to the Rileys could flow from the advertising in question whether Howard were insured or not. The Rileys had the right to question the jury to determine if anyone had been prejudiced against their rights by such advertising. We overrule points of error numbers one and two.

■ In point of error number three, Howard complains that the trial court did not allow counsel for Fincher Brothers, Inc., a co-defendant for whom Howard was carrying loads, to expand upon his motion for mistrial outside the presence of the jury. Although Howard's counsel joined in the motion for mistrial, he did not join in any request for the motion to be heard outside the presence of the panel. Without considering the question of whether Howard has standing to complain on appeal of this matter, we find that the basis for the motion was clear and appeared to be understood by the court. The motion was directed to the impropriety of the questioning referred to in points of error numbers one and two. In any event, there was no error in view of the propriety of the questioning toward which the motion was directed. We overrule point of error number three.

■ Howard urges in points of error numbers four, five, six, and seven that Ramona Riley is precluded from recovering damages for mental anguish because she was not involved in the collision, and she was not a bystander who would qualify to recover damages for mental anguish.

The accident occurred at a Fort Worth intersection in April, 1984. Ben Howard, while driving a dump truck, struck Arthur Riley's vehicle from behind. The impact of the collision caused extensive damage to the Riley vehicle and pinned Riley within the vehicle. A witness to the accident went to the Riley residence, informed Ramona Riley that her husband had been in an accident, then brought her to the scene of the accident. Mr. Riley was still pinned in his vehicle when Mrs. Riley got to the scene. When she walked up to the car and started talking to Mr. Riley, she was already "shaking and kind of crying." As a result of the accident, Mr. Riley now suffers from quadriplegia, which is paralysis of all four extremities.

■ The question of whether to allow recovery of damages for mental anguish by one who has had no physical impact and who was not in the zone of danger created by a negligent act should be determined upon the traditional concepts of negligence and proximate cause based upon reason-

able foreseeability. *Landreth v. Reed,* 570 S.W.2d 486, 489 (Tex.Civ.App.—Texarkana 1978, no writ). Several relevant facts in determining foreseeability in this type of case are: 1) whether the plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it; 2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and 3) whether the plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. *Freeman v. City of Pasadena,* 744 S.W.2d 923, 924 (Tex.1988).

Since Mrs. Riley did not contemporaneously perceive the accident or otherwise experience the shock of unwittingly coming upon the accident scene, she may not recover mental anguish damages as a bystander. *Id.* We sustain Howard's points of error numbers four, five, six, and seven.

■ Howard contends in point of error number eight that the trial court erred by not reducing Mrs. Riley's recovery for past mental anguish in the amount of 10% due to the fact that the jury found that her husband was 10% negligent in causing the accident. Howard makes the same argument in point of error number nine with respect to Mrs. Riley's claim for loss of consortium and loss of services.

A suit for loss of consortium, although independent from that of the injured spouse's negligence action, is derivative to the extent that the tortfeasor's liability to the injured spouse must be established. *Reed Tool Co. v. Copelin,* 610 S.W.2d 736, 738 (Tex.1980). Such a suit is derivative, and a defense that tends to constrict or exclude the tortfeasor's liability to the injured spouse will have the same effect on the other spouse's consortium action. *Id.* at 738–39. We therefore find that the trial court should have constricted Mrs. Riley's loss of consortium claim by 10%. We sustain point of error number nine. We need not consider point of error number eight in

view of our determination of points of error numbers four, five, six, and seven.

■ In points of error numbers ten, eleven, and twelve, Howard contends that the damages awarded to Mr. Riley are excessive. In response to special issues, the jury found damages in the amount of $500,000 for past physical pain and mental anguish, $1,300,000 for future physical pain and mental anguish, and $1,500,000 for future medical expenses.

We construe these points of error as factual insufficiency points. *Larson v. Cactus Utility Co.,* 730 S.W.2d 640 (Tex. 1987). We will therefore consider all of the relevant evidence in order to determine whether or not the evidence is so weak or evidence to the contrary so overwhelming as to require a remittitur.

We do not believe that it is necessary to detail the testimony of each witness. Suffice it to say that the evidence reflects that Mr. Riley now suffers from quadriplegia as a result of this collision, because he is paralyzed in all four extremities. The pain and mental anguish associated with this condition are self-evident, but they are nevertheless detailed in the testimony of Mr. Riley. He testified in detail about his pain and his limitations, which included his difficulties in being a companion to his wife.

Dr. Leighton Parker, Mr. Riley's treating physician, testified that the reasonable and necessary charge for care for Mr. Riley in the future would be from $72,000 to $96,000 per year, and that he guessed that with medical inflation being like it is that that amount would increase. He said that in reasonable medical probability that Mr. Riley will die within "the next few years." Dr. Floyd Durham testified that Mr. Riley's life expectancy, based on the life tables set forth in the statistical abstracts of the United States, was 23.2 years. A registered nurse testified as to less expensive care Mr. Riley could receive at home and that Mr. Riley wanted to be at home and would be happier there. We do not find that the evidence supporting the damage findings of the jury of which Howard complains is insufficient. Howard simply re-

fers us to testimony which he urges is contrary to the jury's verdict. If there is a conflict between the testimony related by Howard and the testimony that supports the verdict, it was for the jury to resolve the conflict. We overrule points of error numbers ten, eleven, and twelve.

In point of error number thirteen, Howard contends that there is no evidence or insufficient evidence to support the jury's finding that Mrs. Riley suffered mental anguish as a result of being at the scene of the collision while her husband was still there. We need not determine this point of error in view of our determination of points of error numbers four, five, six, and seven.

■ In points of error numbers fourteen and fifteen, Howard complains that the trial court erred in admitting into evidence documents which showed that Ben Howard had been subjected to a civil penalty for hauling loads for Fincher Brothers, Inc., which was originally a party to this lawsuit, without a certificate of convenience and necessity from the Railroad Commission or a permit authorizing such operation. We agree that such evidence is prejudicial and not relevant to any issue in the lawsuit, and that the trial court erred in admitting the evidence. However, in view of the nature of the accident, the almost certain liability of Howard, and the extreme disabilities caused to Mr. Riley by the accident, we are not of the opinion that the error complained of amounted to such a denial of the rights of Howard as was reasonably calculated to cause the rendition of an improper judgment, nor are we of the opinion that the error probably did cause rendition of an improper judgment in this case. We overrule points of error numbers fourteen and fifteen.

■ In points of error numbers sixteen, seventeen, and eighteen, Howard urges that the trial court erred in admitting into evidence certain military awards, certificates, and ribbons, certain photographs of the Rileys taken many years before trial, and photographs of Mr. Riley taken at the hospital and at home after the accident.

We find that all of these exhibits are related to the issue of pain and mental anguish suffered by Mr. Riley. Mr. Riley's past accomplishments and physical condition, although better than his condition just prior to the accident, are nevertheless a part of the mental anguish suffered by Mr. Riley as he contemplates his present condition and compares it to his past physical condition and the accomplishments and honors which derived therefrom. Even if there were error in the admission of these exhibits, we are not of the opinion that the errors complained of amounted to such a denial of the rights of Howard as was reasonably calculated to cause the rendition of an improper judgment, nor are we of the opinion that the error probably did cause rendition of an improper judgment in this case, especially in view of the fact that extensive testimony concerning the military awards was admitted without objection. We overrule points of error numbers sixteen, seventeen, and eighteen.

National County Mutual Fire Insurance Company has also appealed from the trial court's judgment, presenting us with five points of error. National County urges that the trial court erred by dismissing its claim for a declaratory judgment by which it sought to establish that it has no liability under its policy for any damage which may have been suffered by Ramona Riley. In three of its points of error, National County asserts that Ramona Riley is not entitled to recover for damages from Ben Howard.

■ In its point of error number one, National County urges that the trial court erred in dismissing its suit for a declaratory judgment as to the extent of its liability under its policy for any judgment which the Rileys might recover against Howard. National County did not question its duty to defend Howard. A determination by the trial court as to National County's declaratory judgment with respect to the extent of its liability would have constituted an advisory opinion. *Firemen's Ins. Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331 (Tex.1968). National County relies on numerous cases as authority for its position that the trial court had authority to consider its action for declaratory judgment. All of the cases presented to us by National

County involve declaratory judgment actions, usually including the issue of an obligation to defend under the insurance contract, and none involves solely the extent of liability depending on certain future conditions which have not yet been established. We therefore do not find any of the authorities cited to be inconsistent with the rule as stated in *Firemen's Ins. Co.* We overrule National County's point of error number one. In view of our determination of this point of error, we also overrule National County's point of error number five, in which National County urges that the trial court erred by not granting its declaratory judgment.

In points of error numbers two through four, National County contends that the trial court erred by not granting Howard's motion to withdraw Ramona Riley's claim for mental anguish from the jury because she was not, as a matter of law, a "bystander," and was therefore not entitled to such damages; that the trial court erred in overruling Howard's motion for judgment non obstante veredicto, for the same reason; and that the trial court erred in overruling Howard's motion for new trial, because the evidence was both legally and factually insufficient to establish a cause of action in her favor for mental anguish. We have fully determined these issues in our discussions of Howard's points of error numbers four, five, six, and seven. We sustain National County's points of error numbers two through four.

The judgment is reformed to reflect that Ramona Riley have and recover from Ben Howard the sum of $109,126.67, including prejudgment interest. We affirm the judgment as reformed.