**Dr. Nicholas J. STEPHANOU,**
**Appellant,**

**v.**

**TEXAS MEDICAL LIABILITY INSURANCE UNDERWRITING ASSOCIATION (JUA), Appellee.**

**No. 01–89–00959–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 24, 1990.

Rehearing Denied June 21, 1990.

Norman Riedmueller, Houston, for appellant.

Jay Thompson, Austin, John F. Williams, Houston, for appellee.

Before WARREN, COHEN and DUNN, JJ.

## OPINION

COHEN, Justice.

Stephanou appeals the jurisdictional dismissal of his declaratory judgment suit, contesting an assessment against him by the Texas Medical Liability Insurance Underwriting Association (the "Joint Underwriting Association" or "JUA"). We reform and affirm.

Stephanou, an obstetrician and gynecologist, sued JUA, his former professional liability insurance carrier, over its assessment of policy premiums. He claimed his annual premiums increased from $6,782.00 to $24,-365.00 on September 1, 1986. He cancelled his policy effective October 1, 1986, and received a refund of $19,736.00. On December 29, 1986, JUA assessed him an additional $6,782.00 to cover its 1985 net deficit of over $19 million. On December 18, 1987, JUA assessed an additional $13,-166.00 to help reduce the 1986 net deficit of over $14 million.

Stephanou sought a declaratory judgment that JUA had wrongly calculated his assessments. He also alleged a statutory claim for deceptive practices, TEX.INS.CODE ANN. art. 21.21, § 4 (Vernon Supp.1990).

JUA moved to transfer venue to Travis County and to dismiss for lack of jurisdiction, based on Stephanou's failure to exhaust administrative remedies. The trial court ruled it had no jurisdiction and dismissed the suit "with prejudice."

Stephanou contends the trial court erroneously applied provisions of the Texas Medical Liability Insurance Underwriting Association Act (the "Underwriting Act") in dismissing his case. TEX.INS.CODE ANN. art. 21.49-3 (Vernon 1981 & Vernon Supp. 1990). That statute created the JUA to provide professional liability insurance to health care providers. *Id.* § 3. It gives any insured "who may be aggrieved by an act, ruling, or decision" of the JUA the right to appeal to the JUA's board of directors within 30 days of the act, ruling, or decision. *Id.* § 7(a). If that appeal fails, the insured may appeal further to the State Board of Insurance. *Id.* § 7(b). The person aggrieved by "any order or decision of the board" may then file suit in "the district court of Travis County, Texas, and not elsewhere" to contest any "decision, regulation, order, *rate*, rule, act or *administrative ruling.*" TEX.INS.CODE ANN. art. 1.04(f) (Vernon 1981) (emphasis supplied).

█ Stephanou does not contend that this procedure violates his rights, that it is not mandatory, that it is too slow, or that it would be futile. Rather, he contends that

it does not apply because his dispute does not involve an "act, ruling, or decision" of the JUA. He contends the statute applies only to parties seeking benefits under the Underwriting Act. Accordingly, he argues, he had no administrative remedy to exhaust, because the statute does not apply to insureds disputing their premium obligations. We disagree.

The statute creates a right to appeal to the JUA's board an "act, ruling, or decision" of JUA. Underwriting Act § 7(a). It provides further appeal to the State Board of Insurance of any "order, rate, ... or administrative ruling." TEX.INS.CODE ANN. art. 1.04(f). It does not provide that the right of appeal is only for those seeking benefits under the act. Words in the Insurance Code "shall be given their ordinary meaning." TEX.GOV'T.CODE ANN. § 312.002(a) (Vernon 1988). We therefore hold that JUA's assessment of additional premiums was an "act" within the meaning of article 21.49–3, § 7(a), as well as a "rate" within the meaning of article 1.04(f).

▆ Several courts have similarly construed similar provisions in the Texas Catastrophe Property Insurance Pool Act ("TCPIA"). TEX.INS.CODE ANN. art. 21.49, § 9 (Vernon 1981). That statute sets forth a "mandatory and exclusive" procedure to review "an act, ruling or decision" of the Texas Catastrophe Property Insurance Association. *Texas Catastrophe Property Ins. Ass'n v. Council of Co–Owners of Saida II Towers Condominium Ass'n,* 706 S.W.2d 644, 647 (Tex.1986). The supreme court stated:

> [I]f a cause of action and remedy for its enforcement are derived not from the common law but from a statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable....
>
> ....
>
> ... Because the Legislature has prescribed the method for review of administrative action, that method must be followed to invoke the trial court's jurisdiction.

*Id.* at 646. Thus, under the TCPIA, the district court has no jurisdiction until administrative remedies are exhausted. *See, e.g., Rowden v. Texas Catastrophe Property Ass'n,* 677 S.W.2d 83 (Tex.App.—Corpus Christi 1984, no writ); *Texas Catastrophe Property Ass'n v. Miller,* 625 S.W.2d 343 (Tex.App.—Houston [14th Dist.] 1981, writ dism'd). Furthermore, statutory causes of action for deceptive insurance practices, like Stephanou's, are not exempt from the TCPIA's administrative review process. *Leisure Serv., Inc. v. Texas Catastrophe Property Ass'n,* 712 S.W.2d 266, 268 (Tex. App.—Austin 1986, writ ref'd n.r.e.); *Miller,* 625 S.W.2d at 346. These authorities compel us to conclude that Stephanou must exhaust his administrative remedies under the JUA before suing.

Stephanou cites *Saida* for the proposition that, "in seeking to enforce rights to ... statutory insurance benefits, the insured must comply with the Insurance Code...." 706 S.W.2d at 646. However, Stephanou's right to dispute JUA's assessment of premiums is based as firmly in the statute as was his right to claim benefits. *See Rowden,* 677 S.W.2d at 90 ("Texas has created a comprehensive and unified scheme ... and has expressly provided a remedy for such policyholders who consider themselves aggrieved."). We cannot distinguish this case from those interpreting the TCPIA.

We overrule the first point of error.

▆ In his second point of error, Stephanou asserts that the trial court erred in dismissing this case "with prejudice." We agree. A dismissal for lack of jurisdiction is without prejudice. 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 17.20 (rev.1984); *see Schenker v. City of San Antonio,* 369 S.W.2d 626, 631 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.). In *Schenker,* the appellate court reformed a judgment dismissing for want of jurisdiction by deleting the words "with prejudice." *Id.* at 631. We order the words "with prejudice to the Plaintiff's right to refile same" deleted from the trial court's judgment.

We sustain the second point of error. As reformed, the judgment is affirmed.