The **ATTORNEY GENERAL OF TEXAS,** Appellant,

v.

**David Dale SAILER, Appellee.**

**No. B14–93–00017–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 27, 1994.

Rhondà Amkŕaut Pressley, Tod L. Adamson, Austin, for appellant.

Bruce A. Baughman, Baytown, for appellee.

Before SEARS, DAN M. LEE, JJ., and MORSE, J., sitting by designation.

## OPINION

SEARS, Justice.

The Attorney General appeals an order dismissing a motion to modify child support with prejudice. The Attorney General claims that the trial court lacked subject matter jurisdiction and could not dismiss the case with prejudice. We agree, reform the order to delete the words "with prejudice," and affirm the order as reformed.

Joyce Barrett and David Sailer were divorced in Iowa on November 4, 1982. Ms. Barrett was awarded custody of the couples' two minor children, and Mr. Sailer was ordered to pay $140.00 a month per child in child support. Subsequently, all the parties moved to Texas.

On January 14, 1991, Ms. Barrett instituted an action in the 308th District Court in Harris County, Texas, to enforce the Iowa decree and obtain past due child support. The Texas court granted judgment to Ms. Barrett for $15,640.00 in past due child support, found Mr. Sailer in contempt for failure to pay his child support, and sentenced him to three years in jail and a $500.00 fine. The court suspended the commitment order, on the condition that Mr. Sailer comply with a schedule to pay off the amount in arrears and stay current with his support obligations.

Ms. Barrett then applied to the Attorney General for child support services. On August 5, 1991, the 308th district court signed an order assigning Ms. Barrett's right to child support to the Attorney General. The Attorney General filed a motion to modify support in the 308th District Court. That motion was dismissed on jurisdictional grounds. On May 13, 1992, the Attorney General filed a second, identical motion in the 308th court to modify support. The motion again erroneously identified the "order to be modified" as an order signed on "November 4, 1982, by order of this Court." The motion identified by date the order signed by an Iowa court, but told the Texas court that it was an order the Texas court had entered. As a result, on August 12, 1992, Appellee

again objected to the court's jurisdiction and filed a motion to dismiss the motion to modify support. He argued "there is no support order in the State of Texas to be modified." On September 15, 1992, the trial court dismissed the motion to modify support "with prejudice". In a hearing on a motion for new trial and in their briefs before this court, both parties agree that the trial court lacked subject matter jurisdiction to hear the motion to modify.

■ If a trial court learns that it lacks jurisdiction to hear a cause, it becomes the duty of the court to dismiss the cause. *General Tel. Co. of the Southwest v. City of Point Comfort,* 553 S.W.2d 808, 811 (Tex.Civ. App.—Corpus Christi 1977, no writ), and *Southwestern Bell Tel. Co. v. City of Kountze,* 543 S.W.2d 871, 873 (Tex.Civ. App.—Beaumont, no writ). In rendering the judgment of dismissal, the trial court must refrain from rendering a judgment on the merits of the suit. *State v. Schless,* 815 S.W.2d 373, 376 (Tex.App.—Austin 1991, original proceeding [leave denied] ), and *Berger v. Berger,* 497 S.W.2d 453, 454 (Tex.Civ. App.—El Paso 1973, no writ). "It is well established that a dismissal with prejudice functions as a final determination on the merits." *Mossler v. Shields,* 818 S.W.2d 752, 754 (Tex.1991). Therefore, a dismissal for want of jurisdiction *with prejudice* is error. *Stephanou v. Texas Medical Liab. Ins. Underwriting Ass'n,* 792 S.W.2d 498, 500 (Tex. App.—Houston [1st Dist.] 1990, writ denied).

■ We recognize that Appellee relies on two cases which indicate that, even if a trial court lacks jurisdiction, a dismissal with prejudice is proper if the appellant has shown that he is not entitled to recovery. This proposition, found in *Zimmerman v. Texaco, Inc.,* 409 S.W.2d 607, 614 (Tex.Civ.App.—El Paso 1966), *writ ref'd, n.r.e.,* 413 S.W.2d 387 (Tex.1967) and *Liland v. Dallas County Appraisal Dist.,* 731 S.W.2d 109 (Tex.App.— Dallas 1987, no writ) has never been cited nor followed by any other Texas court. Further, *Zimmerman* and *Liland* are both distinguishable as administrative cases, which turn on the issue of exhaustion of administrative remedies. Finally, this is not a case

which "cannot be tried for jurisdictional reasons" and for which the plaintiff "is not entitled to recovery." The Attorney General may simply refile and allege the proper order to be modified, and then the 308th district court may consider the merits of the claim. *See, In re S.A.V.*, 837 S.W.2d 80 (Tex.1992).

We order that the words "with prejudice" be deleted from the trial court's order, and reform the order to be a dismissal without prejudice. The judgment of the trial court is affirmed as reformed.