Ernest LANE, Appellant,

v.

**BAXTER HEALTHCARE CORP., Appellee.**

No. 01–95–00025–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 27, 1995.

Michael M. Phillips, Angleton, for appellant.

Richard L. Josephson, Claudia Wilson Frost, J. Alison Juban, Houston, John R. Gilbert, Angleton, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and TAFT, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This appeal presents the issue of what constitutes a justiciable controversy for the purposes of a declaratory judgment. The trial court dismissed the cause on the grounds that there was no justiciable controversy, and the appellant, Ernest Lane, raises four points of error on appeal. We reform the judgment, and as reformed, affirm.

### Background

The appellant, Ernest Lane, is an inventor of tissue heart valves. In October 1973, he began to work for American Hospital Supply Corporation, which was later acquired by Baxter Healthcare Corporation. Under the terms of Lane's contract with Baxter, Baxter owns all tissue heart valve inventions conceived by Lane during the term of the contract, subject to a royalty agreement. Lane's employment contract with Baxter ended on September 30, 1985. Lane became a consultant to Baxter from October 1, 1985 until September 30, 1986. During his consulting contract with Baxter, Lane decided to start a business venture to invent and market a new state-of-the-art tissue heart valve. Lane prepared and submitted a business plan to Carbomedics, Inc. (CMI), a wholly

owned subsidiary of Intermedics, Inc. (ITM). In response to Lane's business proposal, CMI/ITM established a consulting agreement with Lane effective October 1, 1986. During his consulting contract with CMI/ITM, Lane invented a "stentless stent tissue heart valve design" that could be adopted for both porcine and bovine bioprosthetic heart valves. The claims to such inventions are reflected in two patents issued August 6, 1991 and September 15, 1992.

Two disputes arose concerning Lane's compensation and position at CMI and certain legal advice Lane was given by attorneys for CMI and ITM concerning intellectual property rights. As a result, Lane sued CMI/ITM for breach of contract and legal malpractice. Lane also sought a declaratory judgment (1) establishing the ownership of the two above-described patents as between defendants Baxter, CMI, ITM and Lane, and (2) requiring Baxter and CMI/ITM to list any trade secrets or proprietary information which they contend are their property and which they contend Lane has no right to utilize.

Baxter filed a motion to dismiss for lack of jurisdiction, arguing that there was no justiciable controversy. The trial court granted the motion with prejudice. Lane appeals the trial court's order dismissing Baxter.

### Propriety of motion to dismiss

In his first point of error, Lane contends that the trial court erred "when it failed to recognize or resolve either of the justiciable factual disputes in this cause, and dismissed this cause without holding a proceeding as prescribed and/or designated by the Texas Rules of Civil Procedure." Lane contends that there were two justiciable factual disputes: (1) the identification of the trade secrets in which Baxter presently asserts an ownership interest; and (2) the means for Lane to disclose proprietary information to Baxter pursuant to his contract with Baxter without disclosing trade secrets and proprietary information owned by CMI/ITM.

Because Lane's second and third points of error address the allegedly justiciable controversies, we construe this point of error solely

as a challenge to the propriety of the trial court's dismissal. Lane argues that a motion to dismiss was not the proper vehicle to resolve this case because disputed factual issues required an evidentiary hearing. Lane argues that because the trial court disposed of his declaratory judgment cause of action *on the merits,* a motion for summary judgment was the appropriate instrument.

■ We agree that a dismissal is not a proper method to adjudicate the merits of a case. Because we sustain Lane's fourth point of error, however, Lane's first point of error is moot to the extent that it challenges the fact that the trial court dismissed the case with prejudice. Moreover, Texas law clearly supports the use of a motion to dismiss in cases in which a court does not have jurisdiction. *See, e.g., Southwest Airlines Co. v. Texas High–Speed Rail Auth.,* 863 S.W.2d 123, 125 (Tex.App.—Austin 1993, writ denied); *National County Mut. Fire Ins. Co. v. Howard,* 749 S.W.2d 618, 623 (Tex.App.—Fort Worth 1988, writ denied).

We overrule Lane's first point of error.

### Lane's trade secret and patent claims

In his second point of error, Lane contends that the trial court erroneously concluded that his request for a list of Baxter's trade secrets does not constitute a justiciable controversy. Lane argues that once Baxter identifies the proprietary information, all parties will be able to determine the ownership of the trade secrets and proprietary information that was used or may be used in development of specific tissue heart valves.

In his third point of error, Lane contends that the trial court

> erred when it ruled as a matter of law that only Baxter and not Lane could assert ownership of the independent and dependent claims of the two patents presently titled in [CMI] for a justiciable controversy to exist for jurisdictional purposes.

We note initially that the trial court made no such ruling; the trial court merely ruled that Lane's request for a determination of the ownership of the patents did not present a justiciable controversy. The trial court did not address whether Baxter could assert ownership of the patents.

■ Under the Declaratory Judgment Act,

> A person interested under a ... written contract or other writings ... may have determined any question of construction or validity arising under the ... contract ... and obtain a declaration of rights, status, or other legal relations thereunder.

TEX.CIV.PRAC. & REM.CODE ANN. § 37.004(a) (Vernon 1986). The Act is "merely a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power." *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 444 (Tex.1993). The Act does not enlarge the jurisdiction of Texas courts. *Firemen's Ins. Co. v. Burch,* 442 S.W.2d 331, 333 (Tex.1968). We do not have jurisdiction to render advisory opinions. *Id.* Thus, there must exist a justiciable, actual, real controversy, and a protectable right, not a future or speculative right. *Laborers' Int'l Union of N. Am. v. Blackwell,* 482 S.W.2d 327, 329 (Tex.Civ.App.—Amarillo 1972, no writ). A controversy is deemed justiciable when interested parties assert adverse claims upon facts which have accrued, and where a legal decision is necessary. *Id.*

■ Lane argues that a justiciable controversy exists because the proprietary knowledge, once identified, would allow Lane and all other interested parties to determine ownership. Lane contends that if he knew which party owned what proprietary information and trade secrets, he could avoid the unintentional use of such property during the conception or development of any tissue heart valves. In addition, Lane argues that knowledge of ownership as to the trade secrets and proprietary information would prevent him from violating § 31.05(b) of the Texas Penal Code, theft of trade secrets, because he would not then reveal one company's trade secrets and proprietary information to another company. Finally, Lane urges that such knowledge would further public policy by preventing Baxter from "laying behind the log" and waiting until Lane completes his invention and then coming forward to assert an ownership claim.

Although we are not unsympathetic to Lane's position, we conclude that he has presented "an abstract question of law that would not bind the parties." *Texas Ass'n of Business,* 852 S.W.2d at 444. This is the "distinctive feature" of advisory opinions. *Id.* Lane's claims are hypothetical. Lane has not invented, and may never invent, anything that is of concern to Baxter.

We find *Firemen's Ins. Co. v. Burch* instructive. In *Firemen's,* the plaintiff sought a declaratory judgment against a tortfeasor's husband's insurance company (Fireman's) to determine Fireman's obligation to defend the tortfeasor. *Firemen's,* 442 S.W.2d at 332. The trial court entered a declaratory judgment obligating Fireman's to defend the husband and pay any judgments against him because he would be liable for any torts committed by his wife. *Id.* The court of civil appeals affirmed. *Id.* The supreme court reversed in part, holding that the question of Fireman's duty to defend presented a justiciable issue, but the portion of the decree that declared Fireman's liability for any judgment rendered in the injury suit constituted an advisory opinion. *Id.* at 332–33. The court held that Firemen's liability was "hypothetical, 'iffy' and contingent" because there had been no determination that the wife had committed any tort at that point. *Id.* at 333. Finally, the court held that in the absence of a constitutional provision authorizing Texas courts to render advisory opinions, such power does not exist and may not be conferred by agreement of the parties. *Id.* at 335.

Clearly, actions for declaratory relief require real controversy between the parties. *Southwest Airlines Co.,* 863 S.W.2d at 125. Lane may never venture any further in research and development of his designs. Baxter has neither asserted ownership of any inventions conceived by Lane, nor accused Lane of appropriating trade secrets. Until Baxter or any other interested party asserts that Lane has infringed upon trade secrets or other proprietary information, there is no justiciable controversy to adjudicate.

Accordingly, we overrule Lane's second and third points of error.

### Dismissal with prejudice

In his fourth point of error, Lane contends that the trial court erred in dismissing the case with prejudice. Lane argues that if the trial court had no jurisdiction over the case, it could not enter an order preventing Lane from refiling the claim in the future.

When a trial court learns that it lacks jurisdiction to hear a case, it becomes the duty of the court to dismiss the case. *Attorney General v. Sailer,* 871 S.W.2d 257, 258 (Tex.App.—Houston [14th Dist.] 1994, writ denied). In rendering the judgment of dismissal, the trial court must refrain from adjudicating the merits of the suit. *Id.* A dismissal with prejudice functions as a final determination on the merits. *Mossler v. Shields,* 818 S.W.2d 752, 754 (Tex.1991). Therefore, a dismissal for want of jurisdiction with prejudice is error. *Stephanou v. Texas Medical Liab. Ins. Underwriting Ass'n,* 792 S.W.2d 498, 500 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

Baxter argues that this point of error has been waived because Lane raised this complaint for the first time on appeal. We disagree. The trial court did not have jurisdiction to adjudicate the merits of the case, and jurisdictional matters can be raised for the first time on appeal.

We sustain Lane's fourth point of error.

We order that the words "with prejudice" be deleted from the trial court's order, and reform the order to be a dismissal without prejudice. The judgment of the trial court is affirmed as reformed.