Affirmed as Modified and Opinion filed March 30, 2004









Affirmed as Modified and Opinion filed March 30, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01122-CV

____________

 

NGOC BICH
NGUYEN AND BAN A. VU, Appellants

 

V.

 

HARESH S.
DESAI AND JYOTI DESAI, Appellees

 



 

On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 02-12774

 



 

O P I N I O N

In this case, we address whether
it is proper for a trial court sustaining a special appearance (1) to order
that the plaintiffs take nothing, and (2) to dismiss the lawsuit with prejudice
to refiling in Texas.  We conclude that
neither of these dispositions is proper, and we modify the trial court=s order
to delete this language.  As so modified,
we affirm the trial court=s order
sustaining the special appearance.

I.  Factual and Procedural Background

Appellants/plaintiffs
Ngoc Bich Nguyen and Ban A. Vu brought suit against appellees/defendants Haresh
S. Desai and Jyoti Desai in Harris County, Texas.  The Desais responded by filing a special
appearance, asserting that the trial court could not exercise personal
jurisdiction over them consistent with constitutional requirements of due
process.  After conducting an evidentiary
hearing, the trial court sustained the Desais= special
appearance, ordered that Nguyen and Vu take nothing, and dismissed their
lawsuit with prejudice to refiling in Texas. 

Nguyen and Vu filed a motion for
new trial in which they asked the trial court to modify its judgment.  In this motion, they complained that the
order erroneously included language that Nguyen and Vu take nothing.  They also complained that the order dismissed
the lawsuit with prejudice to refiling in Texas.  Nguyen and Vu argued that the proper
disposition would have been to sustain the special appearance and dismiss their
claims for lack of personal jurisdiction. 
The trial judge apparently agreed because she signed an order
purportedly granting the motion to modify and deleting the challenged language
from the special-appearance order.  This
modification order, however, was not signed until a few days after the trial
court=s plenary
power had expired.  By that time, the
motion to modify had been overruled by operation of law.

II.  Issues
Presented








On appeal, Nguyen and Vu do not
challenge the trial court=s
decision to dismiss their claims for lack of personal jurisdiction; they
challenge only the form of the trial court=s
order.  Nguyen and Vu assert that the
trial court=s order granting the motion to
modify was void because the trial court=s plenary
power had expired by the time the order was entered.  Among other things, Nguyen and Vu assert that
the trial court erred in overruling by operation of law their motion to modify
the special-appearance order, in which they challenged the language stating
that they take nothing and dismissing the lawsuit with prejudice to refiling in
Texas. 

III.  Standard of Review

The
issues presented deal solely with the proper form of an order granting a
special appearance.  These issues are
questions of law that we review de novo. 
See El Paso Natural Gas Co. v. Minco Oil & Gas, Inc., 8
S.W.3d 309, 312 (Tex. 1999) (stating that A[b]ecause
the issue . . . [involves] a question of law, our review is de novo@).  

IV.  Analysis

Both sides on appeal correctly
assert that the trial court=s order
granting the motion to modify was void because the trial court=s plenary
power had expired.  See In re Dickason,
987 S.W.2d 570, 571 (Tex. 1998) (holding that trial court=s order
granting motion under Tex. R. Civ. P. 329b
was void because trial court signed the order after it had lost plenary
power).  Therefore, we review the
propriety of the trial court=s
overruling by operation of law of the motion to modify.  See Tex.
R. Civ. P. 329b(c); Romero v. State, 927 S.W.2d 632, 634B36 (Tex.
1996) (considering merits of issue preserved in trial court by motion to modify
that was overruled by operation of law). 


A.        Did the trial court err in ordering that Nguyen and Vu take
nothing? 








In its order sustaining the Desais= special
appearance, the trial court ordered that Nguyen and Vu take nothing.  This aspect of the trial court=s order
is a dismissal with prejudice on the merits of the claims asserted by Nguyen
and Vu.  See Mossler v. Shields,
818 S.W.2d 752, 754 (Tex. 1991) (stating that dismissal with prejudice
functions as a final determination on the merits); Almanara World Class
Rest., Inc. v. Caspian Enters., Inc., C S.W.3d C, C, No.
14-02-00347-CV, 2003 WL 748180, at *4 (Tex. App.CHouston
[14th Dist.] Mar. 6, 2003, no pet. h.) (stating that a take-nothing judgment is
a dismissal with prejudice and a final determination on the merits of the
case).  In dismissing for lack of
personal jurisdiction, a trial court should not rule on the merits of the
claims.  See Zac Smith & Co. v.
Otis Elevator Co., 734 S.W.2d 662, 666 (Tex. 1987); Baldwin v. Household
Int=l, Inc., 36
S.W.3d 273, 277 (Tex. App.CHouston
[14th Dist.] 2001, no pet.).  Though it
is apparent that the trial court recognized this error and attempted to correct
it, its efforts were ineffective because they came after the court=s plenary
jurisdiction had expired.  Because we
must judge the record without giving effect to the untimely order, we must
conclude that the trial court erred in ordering that Nguyen and Vu take
nothing.  See Attorney General of Tex.
v. Sailer, 871 S.W.2d 257, 258 (Tex. App.CHouston
[14th Dist.] 1994, writ denied) (holding that court dismissing for lack of
jurisdiction must refrain from adjudicating the merits of the suit).  Accordingly, we sustain the first issue asserted
by Nguyen and Vu.

B.        Did the trial court err in dismissing the lawsuit with
prejudice to refiling in Texas?








In its order sustaining the
Desais= special
appearance, the trial court also dismissed the lawsuit with prejudice to
refiling in Texas.  To determine the
propriety of this Awith
prejudice@ language, we must examine the
preclusive effect of orders dismissing lawsuits for lack of personal
jurisdiction.  Whether described as
direct estoppel, collateral estoppel, or issue preclusion, an order dismissing
claims for lack of personal jurisdiction precludes relitigation of the jurisdictional
issues that were actually litigated and essential to the dismissal; however,
such an order does not preclude a second action asserting the same claims in a
court that can establish personal jurisdiction based on issues that were not
decided in the first action.  See
Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585, 119 S. Ct. 1563, 1571,
143 L. Ed. 2d 760 (1999) (stating that a dismissal for lack of personal
jurisdiction Amay preclude the parties from
relitigating the very same personal jurisdiction issue . . . .@); Pohlmann
v. Bil-Jax, Inc., 176 F.3d 1110, 1112 (8th Cir. 1999) (stating that order
dismissing for lack of personal jurisdiction precludes relitigation of the
issues actually decided by the order); Deckert v. Wachovia Student Fin.
Servs., Inc., 963 F.2d 816, 819 (5th Cir. 1992) (stating that, under
Texas law, collateral estoppel bars relitigation of jurisdictional issues
actually litigated in special appearance and essential to Texas court=s
determination that it could not assert personal jurisdiction); Equitable
Trust Co. v. Commodity Futures Trading Comm=n, 669
F.2d 269, 272 (5th Cir. 1992) (stating that dismissal for lack of jurisdiction
does not trigger claim preclusion and that it is conclusive only as to the
matters that were actually litigated and necessarily decided, under a principle
that has been called both Adirect
estoppel@ and Aissue
preclusion@); Acree v. Air Line Pilots
Ass=n, 390
F.2d 199, 203 (5th Cir. 1968) (stating that a dismissal for lack of
jurisdiction is not conclusive as to all matters that could have been raised
but that it is conclusive as to matters that were actually adjudged in
determining that the court lacked jurisdiction); 18 Charles Alan Wright, Arthur
R. Miller & Edward H. Cooper, Federal Practice and Procedure ' 4418, at
465B70 (2d
ed. 2002) (describing this principle and calling it direct estoppel, although
stating that it should not matter whether it is called direct estoppel or
collateral estoppel); Restatement
(Second) of Judgments ' 27 cmt.
b (1982) (describing this principle of issue preclusion and stating that it is
sometimes designated as Adirect
estoppel@ when the
second action involves the same claim and as Acollateral
estoppel@ when the
second action involves a different claim from the first).








For example, in determining
whether to exercise personal jurisdiction, courts typically conduct a
general-jurisdiction analysis based on the defendant=s
contacts with the forum state until the date that the lawsuit was filed.  See Helicopteros Nacionales de Colombia,
S.A. v. Hall, 466 U.S. 408, 409B11, 104
S. Ct. 1868, 1870, 80 L. Ed. 2d 404 (1984) (conducting general-jurisdiction
analysis by examining contacts with Texas from 1970B77, in
case in which claims accrued on January 26, 1976); American Type Culture Collection,
Inc. v. Coleman, 83 S.W.3d
801, 804, 807B08 (Tex. 2002) (conducting
general-jurisdiction analysis by examining contacts with Texas up until the
commencement of the suit).  If, after
entry of the trial court=s
special-appearance order but before the filing of a second Texas lawsuit by the
same plaintiffs against the Desais, the Desais were to become residents of
Texas and otherwise become subject to general jurisdiction, the trial court=s
dismissal in this case should not preclude personal jurisdiction in the second
action.  This is because the
jurisdictional effect of the Desais= residence
in Texas was not actually litigated in this case.  See Pohlmann, 176 F.3d at 1112B13.  In many instances, a Texas court=s
dismissal of a suit for lack of personal jurisdiction will preclude the
assertion of personal jurisdiction in a second suit that is filed in Texas and
that involves the same or similar claims arising out of the same occurrence
against the same parties.  However, as
discussed above, this may not always be the case.  Therefore, we conclude that the trial court
erred in dismissing this lawsuit with prejudice to refiling in Texas.  Accordingly, we sustain the second issue
asserted by Nguyen and Vu.

V.  Conclusion

The trial court=s order
dismissing the claims of Nguyen and Vu for lack of personal jurisdiction
improperly contains language ordering that Nguyen and Vu take nothing and
dismissing the lawsuit with prejudice to refiling in Texas.  The trial court attempted to delete this
improper language from its order, but its efforts were ineffective because it
acted after its plenary power had expired. 
We now modify the trial court=s order
to delete this improper language so that the order will reflect that the court
merely sustains the special appearance and dismisses the claims of Nguyen and
Vu for lack of personal jurisdiction.  As
so modified, we affirm the trial court=s order.[1]


 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Opinion filed March 30, 2004.

Panel consists of Justices Edelman, Frost, and Guzman.

 

 











[1]  Because we
have granted the relief sought by Nguyen and Vu on appeal, we need not address
the other issues they raise.