Louis S. BULLARD, Special Agent, FBI,
Plaintiff-Appellant,

v.

William H. WEBSTER, Director, FBI,
Defendants-Appellees.

No. 81–4438
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 25, 1982.

Louis S. Bullard, pro se.

Penny O. Seaman, Civ. Div., Dept. of Justice, Washington, D. C., Jerry A. Davis, Asst. U. S. Atty., Biloxi, Miss., for defendants-appellees.

Before GEE, GARZA and TATE, Circuit Judges.

PER CURIAM:

FBI Agent Bullard originally brought suit against the director of the FBI, claiming that his transfer decision was arbitrary, capricious, discriminatory, and violative of FBI regulations. This action was brought before us, and we dismissed the complaint for lack of jurisdiction because the transfer decision was committed to agency discretion. *Bullard v. Webster*, 623 F.2d 1042 (5th Cir. 1980). Bullard presented us with no basis, statutory, regulatory, or otherwise, for reviewing the decision of the FBI. *Id.* at 1046.

Bullard brought this second action contesting his transfer on the claim of age discrimination under 29 U.S.C. § 633(a). The district court found that his claim was barred by res judicata. If judgment is on the merits, res judicata is an absolute bar in another case on the same cause of action between the same parties not only on the claims presented but also as to every ground as to recovery that might have been presented. *Acree v. Airline Pilots Association*, 390 F.2d 199, 202–03 (5th Cir. 1968). However, the res judicata effect of a jurisdictional decision, such as we have here, is "not binding as to all matters which could have been raised." *Equitable Trust Co. v. Commodity Futures Commission*, 669 F.2d 269, 272 (5th Cir. 1982). "A jurisdictional dismissal forecloses only those issues of fact or law that were actually litigated and necessarily decided by a valid and final judgment between the parties." *Id.* We therefore vacate and remand for a decision on the age discrimination claim.

VACATED AND REMANDED.