Ngoc Bich NGUYEN and Ban
A. Vu, Appellants

v.

Haresh S. DESAI and Jyoti
Desai, Appellees.

No. 14–02–01122–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 30, 2004.

Sidney Farr, Houston, for appellants.

Anh Nguyet Pham, Kenneth Wayne Thelander, Houston, for appellees.

Panel consists of Justices EDELMAN, FROST, and GUZMAN.

## OPINION

KEM THOMPSON FROST, Justice.

In this case, we address whether it is proper for a trial court sustaining a special appearance (1) to order that the plaintiffs take nothing, and (2) to dismiss the lawsuit with prejudice to refiling in Texas. We conclude that neither of these dispositions is proper, and we modify the trial court's order to delete this language. As so modified, we affirm the trial court's order sustaining the special appearance.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellants/plaintiffs Ngoc Bich Nguyen and Ban A. Vu brought suit against appellees/defendants Haresh S. Desai and Jyoti Desai in Harris County, Texas. The Desais responded by filing a special appearance, asserting that the trial court could not exercise personal jurisdiction over them consistent with constitutional requirements of due process. After conducting an evidentiary hearing, the trial court sustained the Desais' special appearance, ordered that Nguyen and Vu take nothing, and dismissed their lawsuit with prejudice to refiling in Texas.

Nguyen and Vu filed a motion for new trial in which they asked the trial court to modify its judgment. In this motion, they complained that the order erroneously included language that Nguyen and Vu take nothing. They also complained that the order dismissed the lawsuit with prejudice to refiling in Texas. Nguyen and Vu argued that the proper disposition would have been to sustain the special appearance and dismiss their claims for lack of personal jurisdiction. The trial judge apparently agreed because she signed an order purportedly granting the motion to modify and deleting the challenged language from the special-appearance order. This modification order, however, was not signed until a few days after the trial

court's plenary power had expired. By that time, the motion to modify had been overruled by operation of law.

## II. ISSUES PRESENTED

On appeal, Nguyen and Vu do not challenge the trial court's decision to dismiss their claims for lack of personal jurisdiction; they challenge only the form of the trial court's order. Nguyen and Vu assert that the trial court's order granting the motion to modify was void because the trial court's plenary power had expired by the time the order was entered. Among other things, Nguyen and Vu assert that the trial court erred in overruling by operation of law their motion to modify the special-appearance order, in which they challenged the language stating that they take nothing and dismissing the lawsuit with prejudice to refiling in Texas.

## III. STANDARD OF REVIEW

■ The issues presented deal solely with the proper form of an order granting a special appearance. These issues are questions of law that we review *de novo*. *See El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex.1999) (stating that "[b]ecause the issue ... [involves] a question of law, our review is *de novo*").

## IV. ANALYSIS

Both sides on appeal correctly assert that the trial court's order granting the motion to modify was void because the trial court's plenary power had expired. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998) (holding that trial court's order granting motion under TEX.R. CIV. P. 329b was void because trial court signed the order after it had lost plenary power). Therefore, we review the propriety of the trial court's overruling by operation of law of the motion to modify. *See* TEX.R. CIV.

P. 329b(c); *Romero v. State*, 927 S.W.2d 632, 634–36 (Tex.1996) (considering merits of issue preserved in trial court by motion to modify that was overruled by operation of law).

### A. Did the trial court err in ordering that Nguyen and Vu take nothing?

■ In its order sustaining the Desais' special appearance, the trial court ordered that Nguyen and Vu take nothing. This aspect of the trial court's order is a dismissal with prejudice on the merits of the claims asserted by Nguyen and Vu. *See Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991) (stating that dismissal with prejudice functions as a final determination on the merits); *Almanara World Class Rest., Inc. v. Caspian Enters., Inc.*, No. 14–02–00347–CV, 2003 WL 748180, at *4, —— S.W.3d ——, —— (Tex.App.-Houston [14th Dist.] Mar. 6, 2003, no pet. h.) (stating that a take-nothing judgment is a dismissal with prejudice and a final determination on the merits of the case). In dismissing for lack of personal jurisdiction, a trial court should not rule on the merits of the claims. *See Zac Smith & Co. v. Otis Elevator Co.*, 734 S.W.2d 662, 666 (Tex. 1987); *Baldwin v. Household Int'l, Inc.*, 36 S.W.3d 273, 277 (Tex.App.-Houston [14th Dist.] 2001, no pet.). Though it is apparent that the trial court recognized this error and attempted to correct it, its efforts were ineffective because they came after the court's plenary jurisdiction had expired. Because we must judge the record without giving effect to the untimely order, we must conclude that the trial court erred in ordering that Nguyen and Vu take nothing. *See Attorney General of Tex. v. Sailer*, 871 S.W.2d 257, 258 (Tex. App.-Houston [14th Dist.] 1994, writ denied) (holding that court dismissing for lack of jurisdiction must refrain from adjudicating the merits of the suit). Accord-

ingly, we sustain the first issue asserted by Nguyen and Vu.

**B. Did the trial court err in dismissing the lawsuit with prejudice to refiling in Texas?**

In its order sustaining the Desais' special appearance, the trial court also dismissed the lawsuit with prejudice to refiling in Texas. To determine the propriety of this "with prejudice" language, we must examine the preclusive effect of orders dismissing lawsuits for lack of personal jurisdiction. Whether described as direct estoppel, collateral estoppel, or issue preclusion, an order dismissing claims for lack of personal jurisdiction precludes relitigation of the jurisdictional issues that were actually litigated and essential to the dismissal; however, such an order does not preclude a second action asserting the same claims in a court that can establish personal jurisdiction based on issues that were not decided in the first action. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585, 119 S.Ct. 1563, 1571, 143 L.Ed.2d 760 (1999) (stating that a dismissal for lack of personal jurisdiction "may preclude the parties from relitigating the very same personal jurisdiction issue. . . ."); *Pohlmann v. Bil–Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir.1999) (stating that order dismissing for lack of personal jurisdiction precludes relitigation of the issues actually decided by the order); *Deckert v. Wachovia Student Fin. Servs., Inc.*, 963 F.2d 816, 819 (5th Cir.1992) (stating that, under Texas law, collateral estoppel bars relitigation of jurisdictional issues actually litigated in special appearance and essential to Texas court's determination that it could not assert personal jurisdiction); *Equitable Trust Co. v. Commodity Futures Trading Comm'n*, 669 F.2d 269, 272 (5th Cir.1992) (stating that dismissal for lack of jurisdiction does not trigger claim preclusion and that it is conclusive only as to the

matters that were actually litigated and necessarily decided, under a principle that has been called both "direct estoppel" and "issue preclusion"); *Acree v. Air Line Pilots Ass'n*, 390 F.2d 199, 203 (5th Cir.1968) (stating that a dismissal for lack of jurisdiction is not conclusive as to all matters that could have been raised but that it is conclusive as to matters that were actually adjudged in determining that the court lacked jurisdiction); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4418, at 465–70 (2d ed. 2002) (describing this principle and calling it direct estoppel, although stating that it should not matter whether it is called direct estoppel or collateral estoppel); RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. b (1982) (describing this principle of issue preclusion and stating that it is sometimes designated as "direct estoppel" when the second action involves the same claim and as "collateral estoppel" when the second action involves a different claim from the first).

For example, in determining whether to exercise personal jurisdiction, courts typically conduct a general-jurisdiction analysis based on the defendant's contacts with the forum state until the date that the lawsuit was filed. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 409–11, 104 S.Ct. 1868, 1870, 80 L.Ed.2d 404 (1984) (conducting general-jurisdiction analysis by examining contacts with Texas from 1970–77, in case in which claims accrued on January 26, 1976); *American Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 804, 807–08 (Tex. 2002) (conducting general-jurisdiction analysis by examining contacts with Texas up until the commencement of the suit). If, after entry of the trial court's special-appearance order but before the filing of a second Texas lawsuit by the same plaintiffs against the Desais, the Desais were to

become residents of Texas and otherwise become subject to general jurisdiction, the trial court's dismissal in this case should not preclude personal jurisdiction in the second action. This is because the jurisdictional effect of the Desais' residence in Texas was not actually litigated in this case. *See Pohlmann,* 176 F.3d at 1112–13. In many instances, a Texas court's dismissal of a suit for lack of personal jurisdiction will preclude the assertion of personal jurisdiction in a second suit that is filed in Texas and that involves the same or similar claims arising out of the same occurrence against the same parties. However, as discussed above, this may not always be the case. Therefore, we conclude that the trial court erred in dismissing this lawsuit with prejudice to refiling in Texas. Accordingly, we sustain the second issue asserted by Nguyen and Vu.

### V. Conclusion

The trial court's order dismissing the claims of Nguyen and Vu for lack of personal jurisdiction improperly contains language ordering that Nguyen and Vu take nothing and dismissing the lawsuit with prejudice to refiling in Texas. The trial court attempted to delete this improper language from its order, but its efforts were ineffective because it acted after its plenary power had expired. We now modify the trial court's order to delete this improper language so that the order will reflect that the court merely sustains the special appearance and dismisses the claims of Nguyen and Vu for lack of personal jurisdiction. As so modified, we affirm the trial court's order.[1]

---

1. Because we have granted the relief sought by Nguyen and Vu on appeal, we need not address the other issues they raise.