Reversed and Remanded and Memorandum Opinion filed August 5, 2008








Reversed and Remanded and Memorandum Opinion filed August 5,
2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00528-CV

____________

 

APOLLO PROPERTY PARTNERS, LLC, Appellant

 

V.

 

DIAMOND HOUSTON I, L.P., DIAMOND
HOUSTON, INC., NORTHBROOK HOUSTON I, LLC, AND NH INVESTORS, LLC, Appellees

 



 

On Appeal from the 80th
Judicial District

Harris County, Texas

Trial Court Cause No. 07-21442

 



 

M E M O R A N D U M   O P I N I O N








In this  action seeking judicial dissolution of a limited
partnership, we must determine whether the trial court properly dismissed the
suit after concluding that it is within the scope of a forum-selection clause. 
A partner in a limited partnership filed suit seeking judicial dissolution of
the partnership on the basis of economic frustration.  The defendants filed a
motion to compel arbitration under an arbitration provision in the limited
partnership agreement.  The defendants alternatively moved to dismiss based on
a purported forum-selection clause in the limited partnership agreement.  The
trial court did not grant the motion to compel arbitration but did grant the
motion to dismiss based on the purported forum-selection clause.  We conclude
that, as a matter of law, this suit does not fall within the scope of the
clause.  Accordingly, we conclude the trial court abused its discretion in
dismissing this suit, and we reverse and remand.

I.  Factual and Procedural Background

Appellant Apollo Property Partners, LLC (hereinafter AApollo@) petitioned the
trial court for judicial dissolution of Diamond Houston I, L.P., a Texas
limited partnership (hereinafter APartnership@).  At all
material times, appellee Diamond Houston, Inc. was the general partner of the
Partnership (hereinafter AGeneral Partner@); the limited
partners of the Partnership were Apollo and appellees Northbrook Houston I,
LLC, and NH Investors, LLC.  In its petition, Apollo asserted that the economic
purpose of the Partnership was and would continue to be Aunreasonably
frustrated,@ and Apollo sought judicial dissolution of the
Partnership under Section 8.02(1) of the Texas Revised Limited Partnership Act.[1]
Apollo sued the Partnership, the General Partner, Northbrook Houston I, LLC,
and NH Investors, LLC (hereinafter collectively the ADiamond Parties@).








The Amended and Restated Limited Partnership Agreement for
the Partnership (hereinafter AAgreement@) contains a
provision mandating arbitration of certain claims and disputes before the
American Arbitration Association (hereinafter AAAA@) in Cook County,
Illinois (hereinafter AArbitration Provision@). The Diamond
Parties filed a AMotion to Compel Arbitration, or
Alternatively, Motion to Dismiss.@ In this motion,
the Diamond Parties argued that this suit falls within the scope of the
Arbitration Provision because Apollo=s claim for
judicial dissolution was a dispute among partners relating to the Agreement and
subject the Agreement=s provisions.  In their motion to compel,
the Diamond Parties sought an order compelling arbitration under the
Arbitration Provision.  In the alternative and in the event that the trial
court determined the suit should not be arbitrated, the defendants moved to
dismiss based on a purported forum-selection clause in Section 9.03 of the
Agreement.  The trial court did not grant the motion to compel arbitration but
did grant the motion to dismiss based on the forum-selection clause. 

II.  Issue and Analysis

Challenging the trial court=s dismissal order
on appeal, Apollo asserts that the trial court abused its discretion in
granting the Diamond Parties= motion to dismiss.  We review the trial court=s granting of  a motion to dismiss to
enforce a forum-selection clause for an abuse of discretion.  Phoenix
Network Techs. (Europe) Ltd. v. Neon Sys., Inc., 177 S.W.3d 605,
610 (Tex. App.CHouston [1st Dist.] 2005, no pet.).  However, to the
extent that our review involves the construction or interpretation of an
unambiguous contract, the standard of review is de novo.  See id.  

Article VIII of the Agreement is entitled AArbitration.@ In it, the
partners agreed, among other things, to the following:

!       Certain disagreements, disputes, conflicts,
claims, and controversies shall be resolved by arbitration in Cook County,
Illinois before the AAA.

!       Judgment
upon the award or decision of the AAA shall be binding on the parties and may
be entered in any court having jurisdiction thereof.








Though
the Diamond Parties sought to compel arbitration under this provision of the
Agreement, the trial court did not rule on their motion to compel.[2] 
Therefore, there is no issue before this court as to whether arbitration of
this suit should be compelled under the Arbitration Provision.  Nonetheless, we
describe this provision to provide context for construction of the part of the
Agreement upon which the trial court dismissed this suit.

In Article IX of the Agreement, entitled AMiscellaneous,@ the parties
agreed as follows:

The parties irrevocably submit to
the jurisdiction of any Illinois court, or federal court sitting in Cook
County, Illinois, to enforce ruling [sic] arising out of or relating to this
Agreement; and the parties consent to Cook County, Illinois and irrevocably
waive to the fullest extent permitted by law, any objection to such venue as
being an inconvenient forum.  

(hereinafter ASection 9.03 @).  Based on the structure of the
Diamond Parties= motion, by granting their motion to dismiss, the trial court
necessarily made the following determinations:

!         This suit is not arbitrable under the Arbitration Provision.

!         Section 9.03 is a mandatory and enforceable forum-selection
clause requiring that this suit be litigated in state or federal court in Cook
County, Illinois.

!         Section 9.03 should be
enforced by dismissing this suit so that suit can be refiled in state or
federal court in Cook County, Illinois. 

However, under the
unambiguous language of Section 9.03, the parties did not agree that any
disputes or claims must be litigated in state or federal court in Cook County,
Illinois.  If the parties had so agreed, such a provision would conflict with
the parties= broad arbitration agreement in the Arbitration Provision.  Rather, in
Section 9.03 the parties waive any personal jurisdiction, venue, and forum non
conveniens objections they might have as to suits in state or federal court in
Cook County, Illinois that are brought Ato enforce ruling
[sic] arising out of or relating to this Agreement.@ 













Apollo asserts that the trial court abused its discretion
in granting the motion to dismiss because this suit does not fall within the
scope of Section 9.03.  After agreeing to a broad arbitration provision
requiring arbitration before the AAA in Cook County, Illinois, the parties
agreed in Section 9.03 to waive personal jurisdiction, venue, and forum non conveniens objections as to
proceedings in state or federal court in Cook County, Illinois  Ato enforce ruling
[sic] arising out of or relating to this Agreement.@  In the context
of the Agreement, Section 9.03 allows any party to seek to enforce any
arbitration ruling in courts in Cook County, Illinois, by waiving all
objections that the partners could raise to such a suit based on personal
jurisdiction, venue, and forum non conveniens.[3] 
Under the unambiguous language of Section 9.03, Apollo=s suit seeking
judicial dissolution of the Partnership is not a suit Ato enforce ruling
[sic] arising out of or relating to this Agreement.@  Therefore, as a
matter of law, this suit is not within the scope of Section 9.03.  See Deep
Water Slender Wells, Ltd. v. Shell Int=l Exploration
& Prod., Inc., 234 S.W.3d 679, 687B88 (Tex. App.CHouston [14th
Dist.] 2007, pet. filed) (stating that courts determine whether a suit falls
within the scope of a forum-selection clause based on the language of the
clause and the nature of the claims that allegedly are subject to the clause). 
Therefore, the trial court abused its discretion in dismissing this suit based
on Section 9.03.[4] 
This error probably caused the rendition of an improper judgment because the
trial court=s dismissal of Apollo=s suit was
improperly based on a determination that Section 9.03 mandates litigation of
this suit in courts in Illinois.[5]

                                                 III.
Conclusion

Seeking to enforce
Section 9.03 of the Agreement, the trial court dismissed this suit.  However,
this suit is not within the scope of Section 9.03.  Therefore, the trial court
abused its discretion by granting the motion to dismiss.  We express no opinion
on the merits of the motion  to  compel  arbitration.[6] 
We  sustain  Apollo=s  sole issue, reverse the trial court=s 

 

 








judgment, and
remand for further proceedings consistent with this opinion.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered
and Memorandum Opinion filed August 5, 2008.

Panel
consists of Justices Fowler, Frost, and Seymore.









[1]  Tex. Rev.
Civ. Stat. Ann. art. 6132a-1, '
8.02(1) (Vernon Supp. 2007).  





[2]  In their appellate brief, the Diamond Parties assert
that the trial court granted both their motion to compel and their motion to
dismiss.  Because the motion to dismiss was premised on the trial court=s determination that arbitration should not be
compelled, such a ruling would have resulted in inconsistent relief.  The
record reflects that the Diamond Parties submitted a proposed order that
contained language granting only the motion to compel arbitration and that the
trial court changed the proposed order so that the motion being granted in the
order was the motion to dismiss rather than the motion to compel arbitration.
Therefore, the trial court granted the motion to dismiss and did not rule on
the motion to compel.





[3]  This interpretation is supported by Section 9.15 of
the Agreement, in which the parties agree that any dispute arising from the
enforcement of an arbitration ruling may be brought only in the Aappropriate@
federal district court or Illinois state court having subject-matter
jurisdiction.  The parties do not state in Section 9.15 which court or courts
in Illinois are Aappropriate,@
indicating that Section 9.03 answers this question by specifying federal or
state courts in Cook County, Illinois and by waiving all objections that the
partners could raise to such a suit based on venue and forum non conveniens.  The
Diamond Parties did not move to dismiss under Section 9.15.





[4]  In addition, we also note that, under the plain
meaning of Section 9.03, the parties did not agree to a mandatory forum
selection clause; rather, they agreed in this provision to allow certain
proceedings to be brought in certain courts despite any personal jurisdiction,
venue, or forum non conveniens objections that the parties otherwise would have
been entitled to assert.  See Mabon Ltd. v. Afri-Carib Enters., Inc., 29
S.W.3d 291, 296 (Tex. App.CHouston [14th
Dist.] 2000, no pet.) (holding that clause was not a mandatory forum selection
clause but rather was permissive), abrogation recognized on other grounds by
Phoenix Network Techs. (Europe) Ltd., 177 S.W.3d at 611B12; Southwest Intelecom, Inc. v. Hotel Networks Corp.,
997 S.W.2d 322, 323B26 (Tex. App.CAustin 1999,  pet. denied), abrogation
recognized on other grounds by Phoenix
Network Techs. (Europe) Ltd., 177 S.W.3d at 611B12.  In Section 9.03, Apollo did
not agree that any dispute or claim must be litigated in state or federal
courts in Cook County, Illinois.  Therefore, this Section is not a mandatory
forum-selection clause that would require this suit to be dismissed.





[5]  The Diamond Parties assert that, presuming there is
such error, it is harmless because the trial court could have enforced the
Arbitration Provision by means of a dismissal order.  However, this argument
lacks merit because the order under review, if affirmed, would preclude
re-litigation of the trial court=s
determinations that this suit is not arbitrable and that Section 9.03 requires
litigation of this suit in courts in Illinois.  See Nguyen v. Desai, 132
S.W.3d 115, 118 (Tex. App.CHouston [14th
Dist.] 2004, no pet.); 18 Charles Alan Wright, Arthur R. Miller & Edward H.
Cooper, Federal Practice and Procedure ' 4418, at 465B70 (2d ed. 2002); Restatement
(Second) of Judgments ' 27 cmt. b
(1982).  If the trial court held that this suit must be arbitrated and
dismissed the suit on that basis, the effect of that dismissal would be to bar
re-litigation of the court=s determination
that this suit must be arbitrated in Illinois.  Therefore, the trial court=s error is not harmless.





[6]  The Diamond Parties have moved to dismiss Apollo=s appeal for mootness on the basis that Apollo has now
filed for arbitration in Illinois.  In support of its AMotion to Dismiss for Mootness,@ the Diamond Parties attached a demand for arbitration
filed by Apollo, which we consider for the purpose of determining whether the
issue is moot, as a jurisdictional question.  See Tex. R. App. P. 10.2; Sabine
Offshore Serv., Inc. v. Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979). 
Apollo=s demand does not seek dissolution of the partnership;
rather, it alleges misconduct by individual partners of the Partnership, such
as breach of the Agreement, fraud, failure to disclose, self-dealing, and
breach of fiduciary duties, which are actions Apollo claims the Agreement
governs.  Apollo=s demand names individuals who are not named in the
petition in this case.  By its demand Apollo seeks to compel the individuals= performance to avoid actions that would constitute a
breach and seeks arbitration orders enjoining and restricting the individuals= actions that would constitute a breach, as provided
in the Agreement.  Apollo=s sole issue in this appeal is whether the trial court
erred in granting the Diamond Parties=
motion to dismiss Apollo=s suit for statutory judicial dissolution under the
Texas Revised Limited Partnership Act on the basis of economic frustration. 
There is no issue in this appeal regarding the arbitrability of this suit. The
disposition of this appeal necessarily will determine whether Section 9.03
requires litigation of this suit in Cook County, Illinois, as the trial court
concluded. See Pinnacle Gas Treating, Inc. v. Read, 104 S.W.3d 544, 545B46 (Tex. 2003).  Because Apollo sought review of the
trial court=s dismissal of its claims under Section 9.03, there is
a live controversy and a ruling on the merits will affect the rights of the
parties.  See id.  Accordingly, this appeal is not moot, and Apollo=s motion is denied.